B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
Eastern District of Virginia

In re   JAMES & LESLEY CAGLE   ,
         *Debtor*

Case No. 13-34490
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: Prestige Financial Services
   (Operating as Prestige Auto Finance Corp. in CT, DE, FL, MA and NH)

2. Amount of the debt subject to this reaffirmation agreement:
   $ 13,321.40 on the date of bankruptcy    $ 13,321.40 to be paid under reaffirmation agreement

3. Annual percentage rate of interest:   15.99 % prior to bankruptcy
   15.99 % under reaffirmation agreement ( [✓] Fixed Rate   [ ] Adjustable Rate)

4. Repayment terms (if fixed rate): $ 352.17 per month for 55 months

5. Collateral, if any, securing the debt: Current market value: $_____
   Description: 2013 KIA FORTE

6. Does the creditor assert that the debt is nondischargeable? [ ] Yes  [✓] No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| **Debtor's Schedule I and J Entries** | **Debtor's Income and Expenses as Stated on Reaffirmation Agreement** |
|---|---|
| 7A. Total monthly income from Schedule I, line 12   $ 6,531.83 | 7B. Monthly income from all sources after payroll deductions   $ 6,531.83 |
| 8A. Total monthly expenses from Schedule J, line 22   $ 4,562.00 | 8B. Monthly expenses   $ 4,562.00 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J   $ 0 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses   $ 0 |
|  | 10B. Net monthly income   $ 1,969.83 (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form 27) (12/13)                                                                              Page 2

11.   Explain with specificity any difference between the income amounts (7A and 7B):
      -
      -

12.   Explain with specificity any difference between the expense amounts (8A and 8B):
      -
      -

      If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____          _____
Signature of Debtor (only required if    Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)              required if line 11 or 12 is completed)

**Other Information**

☐   Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

 .
 .

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
    ✓ Yes              _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
    _____ Yes          _____ No


### FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Selena Conapaseuth/BP Dept
Print/Type Name & Signer's Relation to Case

B240A/B ALT(Form 240A/B ALT) (Reaffirmation Agreement)
(12/13)

☒ Presumption of Undue Hardship

☐ No Presumption of Undue Hardship

(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
### _____EASTERN_____ District of _____VIRGINIA_____

In re __JAMES & LESLEY CAGLE__,   Case No. ____13-34490____
     Debtor                       Chapter ____7____

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)

☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement

☐ Part E: Motion for Court Approval

☒ Part C: Certification by Debtor's Attorney

*[Note: Complete part E only if the debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240C ALT- Order on Reaffirmation Agreement.]*

**Name of Creditor:** Prestige Financial Services
(Operating as Prestige Auto Finance Corp. in CT, DE, FL, MA and NH)

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1.   DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:     $ ___13,321.40___

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

1

Form 240A/B ALT - Reaffirmation Agreement (Cont.)

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____ %

*--- And/Or ---*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____ %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____ %.

*--- And/Or ---*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: __15.99__ %. If different simple interest rates apply to different balances included in the amount reaffirmed,

2

the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;

$ _____ @ _____ %;

$ _____ @ _____ %;

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

> The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase or Original Amount of Loan |
|---|---|
| 2013 KIA FORTE | $ 15,329.70 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ 352.17 is due on October 04, 2015 (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

--- *Or* ---

Your payment schedule will be: 55 (number) payments in the amount of $ 352.17 each, payable (monthly, annually, weekly, etc.) on the 4th (day) of each month (week, month, etc.). unless altered by mutual agreement in writing.

--- *Or* ---

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

3

Form 240A/B ALT - Reaffirmation Agreement (Cont.)

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certian steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

4

Form 240A/B ALT - Reaffirmation Agreement (Cont.)

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor in writing that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

5

Form 240A/B ALT - Reaffirmation Agreement (Cont.)

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

James Todd Cagle
(Print Name)

_[signature]_
(Signature)

Date: 19 Oct 15

Co-borrower, if also reaffirming these debts:

Lesley Alyson Cagle
(Print Name)

_[signature]_
(Signature)

Date: 10-19-15

Accepted by creditor:

Prestige Financial Services
(Operating as Prestige Auto Finance Corp. in CT, DE, FL, MA and NH)
(Printed Name of Creditor)

PO Box 26707, Salt Lake City, UT 84126
(Address of Creditor)

_[signature]_
(Signature)

Andy Kenstler, Bankruptcy Manager
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:

10-27-15

6

Form 240A/B ALT - Reaffirmation Agreement (Cont.)

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☑ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _Brian K Stevens_

Signature of Debtor's Attorney: _____

Date: _10/19/2015_

7

Form 240A/B ALT - Reaffirmation Agreement (Cont.)

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 6,531.83 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 4,562.00, leaving $ 1,969.83 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make payments here: _____

_____.

**(Use an additional page if needed for a full explantion.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)

_____
        (Joint Debtor, if any)

Date: _____
                             --- Or ---

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe the reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I recieved a copy of the Reaffirmation Disclosure Statment in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)

_____
        (Joint Debtor, if any)

Date: _____

8

B240C ALT(Form 240C ALT) (12/13)

# UNITED STATES BANKRUPTCY COURT
_____EASTERN_____ District of _____VIRGINIA_____

In re __JAMES & LESLEY CAGLE__ ,    Case No. _____13-34490_____
        Debtor    Chapter _____7_____

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) __JAMES & LESLEY CAGLE__ has (have) filed a motion for approval of the
        (Name(s) of debtor(s))

reaffirmation agreement dated _____ made between the debtor(s) and
        (Date of agreement)

_____Prestige Financial Services_____. The court held the hearing required by 11 U.S.C. §24(d)
(Operating as Prestige Auto Finance Corp. in CT, DE, FL, MA and NH)
(Name of creditor)

on notice to the debtor(s) and the creditor on _____.
        (Date)

COURT ORDER:

☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debort(s) and as being in the best interest of the debtor(s)

☐ The court grants the debtor's motion under 11 U.S.C.§524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C.§524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C.§524(m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____    _____
        *United States Bankruptcy Judge*

10

# Electronic Title Copy

| Vehicle ID Number | Year | Make | Model | Body Style | Lic Plate | Reg Exp |
|---|---|---|---|---|---|---|
| KNAFU4A28D5739936 | 2013 | KIA | | | | |

| Weight | New/Used | Title Number | Odometer | State | Date Issued |
|---|---|---|---|---|---|
| | | 57550425 | | VA | 03-26-2014 |

Full Name of Owner(s)

JAMES TODD CAGLE
LESLEY ALLYSON CAGLE

Vehicle Brand(s)

Lien(s)

PRESTIGE FINANCIAL SERVICE
PO BOX 26707
SALT LAKE CITY, UT 84126

Lien Date: 03-08-2014

ELT Number: FN85PFS9AELT

Odometer Brand(s)

1512529

*Information has been supplied by the lienholder, not the state titling agency.

R

# RETAIL INSTALLMENT SALE CONTRACT

| Buyer Name and Address (including County and Zip Code) | Co-Buyer Name and Address (including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| JAMES CAGLE | LESLEY CAGLE | Basic Auto Sales<br>4935 W. Broad St.<br>Richmond, VA 23230 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| Used | 2013 | KIA FORTE | KNAFU4A26D5733936 | ☒ personal, family or household<br>☐ business<br>☐ agricultural |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 469.00 |
|---|---|---|---|---|
| 17.993 % | $ 10026.51 | $ 15329.73 | $ 25356.24 | $ 25845.24 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 352.17 | Monthly beginning 04/22/2014 |

Or As Follows: _____

**Late Charge.** If payment is not received in full within __7__ days after it is due, you will pay a late charge of __5__ % of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including $ 628.70 sales tax) ........................... $ 15417.70 (1)
2. Total Downpayment =
   Trade-in 2004 DODGE DURANGO
   
   Gross Trade-In Allowance ........................ $ 4020.00
   Less Pay Off Made By Seller ..................... $ 3511.00
   Equals Net Trade In ............................. $ 469.00
   + Cash .......................................... $ N/A
   + Other ......................................... $ 0.00
   (if total downpayment is negative, enter "0" and see 4I below) $ 469.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........................... $ 14928.70 (3)
4. Other Charges including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A. Cost of Optional Credit Insurance
      Paid to Insurance Company or Companies
      Life ........................................ $ N/A
      Disability .................................. $ N/A ... $ N/A
   B. Vendor's Single Interest Insurance
      Paid to Insurance Company(ies) .............. $ N/A
   C. Other Optional Insurance Paid to Insurance Company or Companies $ N/A
   D. Optional Gap Contract ........................... $ N/A
   E. Official Fees Paid to Government Agencies ....... $ N/A
      1) to _____ for _____ ........................ $ N/A
      2) to _____ for _____ ........................ $ N/A
      3) to _____ for _____ ........................ $ N/A
   F. Government Taxes Not Included in Cash Price ..... $ N/A
   G. Government License and/or Registration Fees ..... $ 12.00
   H. Government Certificate of Title Fees ............ $ N/A
   I. Other Charges (Seller must identify who is paid and describe purpose)
      1) to _____ for Prior Credit or Lease Balance .. $ N/A
      2) to Dealer for Processing Fee ............... $ 389.00
      3) to _____ for _____ ........................ $ N/A
      4) to _____ for _____ ........................ $ N/A
      5) to _____ for _____ ........................ $ N/A
      6) to _____ for _____ ........................ $ N/A
      7) to _____ for _____ ........................ $ N/A
      8) to _____ for _____ ........................ $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf $ 401.00 (4)
5. Amount Financed (3 + 4) ........................... $ 15329.73 (5)

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. If such insurance is obtained from or through us, the total cost is shown...

Credit Life $ _____ N/A
Credit Disability $ _____ N/A

Insurance Company Name _____
Home Office Address _____

**Other Optional Insurance**
☐ Type of Insurance _____ Term _____
Premium $ _____ N/A
Insurance Company Name _____
Home Office Address _____

☐ Type of Insurance _____ Term _____
Premium $ _____ N/A
Insurance Company Name _____
Home Office Address _____

Other optional insurance is not required to obtain credit...
X _____ Buyer Signature Date
X _____ Co-Buyer Signature Date
THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE.

**Returned Check Charge:** If any check you give us is dishonored, we may, at our option, charge you $ 50.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI Insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft). VSI Insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ N/A _____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract. See back of this contract for more information.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ N/A _____ Mo.  Name of Gap Contract _____

I want to buy a gap contract.
Buyer Signs X _____

## NO COOLING OFF PERIOD

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract, along with all other documents signed by you in connection with the purchase of the vehicle, comprise the entire agreement between you and us affecting this purchase. No oral agreements or understandings are binding. Upon assignment of this contract: (i) only this contract and addenda to this contract comprise the entire agreement between you and the assignee relating to this contract; (ii) any change to this contract must be in writing and the assignee must sign it; and (iii) no oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

## NO LIABILITY INSURANCE INCLUDED

**NOTICE TO RETAIL BUYER:** Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.
Buyer Signs X _____ Date _____ Co-Buyer Signs X _____ Date _____
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other owner signs here X _____ Address _____
Seller signs _____ Date _____ By X _____ Title _____

Seller assigns its interest in this contract to _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse  ☐ Assigned without recourse  ☐ Assigned with limited recourse

Seller _____ Basic Auto Sales _____
By _____ Title _____

ORIGINAL LIENHOLDER